```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 17-CV-24398-GAYLES
                           MAGISTRATE JUDGE P. A. WHITE
```

WALTER LEE WRIGHT,

    Plaintiff,

v.

JULIE JONES,

    Defendant.
    _____/

## PRELIMINARY REPORT OF MAGISTRATE JUDGE RE SCREENING INITIAL COMPLAINT (DE#1)

### I. Introduction

The *pro se* Plaintiff, **Walter Lee Wright**, has filed this civil rights complaint, pursuant to 42 U.S.C. §1983. (DE#1). The Plaintiff sues Defendants, the Honorable Cristina Miranda, Eleventh Judicial Circuit Court Judge presiding over the Plaintiff's criminal proceedings in Miami-Dade County Circuit Court, Deputy Clerk Maureen Tulloch, with the Eleventh Judicial Circuit Court, and the Clerk of Court of the Eleventh Judicial Circuit Court.

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Plaintiff has been previously granted leave to proceed *in forma pauperis* ("IFP") pursuant to the provisions of 28 U.S.C. §1915, and a $350.00 debt has been established for the court's filing fee. (DE# 4,9). Thus, Plaintiff is now proceeding IFP and is

subject to §1915(e)(2) screening requirements. Because plaintiff is a prisoner seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

It is only where a Plaintiff is not proceeding IFP, that his pleadings are not subject to the screening provision of 28 U.S.C. §1915(e)(2). See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, §1915(e) only applies to cases in which the plaintiff is proceeding IFP"); see also, Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(citations omitted). Regardless, whether the plaintiff is proceeding IFP or not, since Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

It is noted that pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for screening of the Plaintiff's **Complaint (DE#1),** pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires that the court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officers or employee of a governmental entity." 28 U.S.C. §1915A(a). On review, the district court is required to "identify cognizable claim or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or, seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do

3

not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a §1985 or §1983 claim, a plaintiff must demonstrate that (1) the defendant(s) deprived plaintiff of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law. See Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)(quoting Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of

4

a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III.  Facts Set Forth in the Complaint-(DE#1)

The Plaintiff sues Florida Circuit Court Judge Cristina Miranda, Deputy Clerk Maureen Tulloch, and Clerk of Court John Doe. (DE#1:2).

Plaintiff alleges the following in his complaint. On October 20, 2015, he filed a motion for postconviction relief in his criminal proceedings in the Eleventh Judicial Circuit case no. F01-7689 wherein he requested DNA testing.[2] On November 4, 2015, Defendant Judge Miranda was assigned to preside in his case. On November 16, 2015, Judge Miranda denied his motion to disqualify her as the judge. (Id.:4). Subsequently, Judge Miranda retaliated against him for filing the motion to disqualify by denying his

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[2] Copies of the Miami-Dade County trial court on-line criminal docket for case no. F01-7689 is being filed by separate order in this case.

postconviction motion for DNA testing. (Id.:5).  The Defendant clerks failed to provide Plaintiff will copies of court filings in his criminal case. (Id.:5-6).

Plaintiff $100,000 in damages. (Id.:6).

## IV.  Discussion

It is well settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. United States v. Nickson, 521 Fed.Appx. 867, 868 (11th Cir. 2013)(quoting, United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990).

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Thus, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution. American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Willis v. University Health Serv's, Inc., 993 F.2d 837, 840 (11th Cir. 1993).

### A. **Preiser/Heck Bar**

Plaintiff cannot maintain this §1983 action to challenge the lawfulness of his conviction and sentence in Miami-Dade Circuit Court case no. F01-7689 because the Complaint is barred pursuant to the doctrines set forth in *Preiser* and *Heck*.

The Supreme Court has specifically held that a civil rights action is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). See also Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983).

Furthermore, the Supreme Court expressly held in *Heck v.*

*Humphrey* that when an inmate's allegations rest on the invalidity of his imprisonment, his civil rights claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Edwards v. Balisok, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending *Heck* to certain types of due process challenges brought under §1983). The Supreme Court in *Edwards* remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that §1983 claim, or here *Bivens*-claim, claim must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487.

Thus, a claim that challenges a civil rights Plaintiff's incarceration is not cognizable under §1983 until the underlying criminal conviction has been reversed in favor of the criminal defendant. Heck, 512 U.S. at 483. See also Hust v. Wyoming, 372 Fed.Appx. 708, 710 (9th Cir. 2010)(district court properly dismissed arrestee's civil rights claims pursuant to *Heck* where arrestee did not even show that she had been to trial following her arrest, much less that the criminal proceedings against her were dismissed or otherwise resolved in her favor); Salas v. Pierce, 297 Fed.Appx. 874, 876 (11th Cir. 2008)(concluding that district court properly found that *Heck* barred Plaintiff's claim against Assistant District Attorney for conspiring with his counsel to coerce him into pleading guilty because Plaintiff had not alleged that his sentence or conviction had been reversed on appeal, and a judgment in favor of Plaintiff would necessarily call into question the validity of his guilty plea and his underlying conviction)(*citing*, Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372).

In this case, the Plaintiff has not provided evidence that the conviction and sentence have been overturned. The plaintiff has

failed to raise a viable claim against the defendant.

### B. Immunity

The Plaintiff sues **Circuit Court Judge Miranda**. The law is well settled that "[J]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). The plaintiff has not alleged any facts that demonstrate that Judge Miranda acted in the absence of jurisdiction.

Plaintiff next sues the John Doe, as the **Clerk of Court** in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, together with **Deputy Clerk Tulloch**. Like the Defendant Judge, the Defendant Clerk Tulloch and the John Doe Clerk of Court enjoy absolute immunity from damages actions where they have acted "in a nonroutine manner under command of court decree or under explicit instructions of a judge." See Hyland v. Kolhage, 267 Fed.Appx. 836, 842 (11th Cir. 2008) ("Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction.'"(quoting Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981)). Further, neither the Defendant Deputy Clerk Tulloch nor the John Doe Clerk of Court can be held liable under §1983 on a respondeat superior theory. Plaintiff has not identified a custom, policy, or practice of the Clerk that led to any constitutional violation Plaintiff may have suffered.

9

### V. Conclusion

Based upon all of the foregoing, it is recommended that the complaint (DE#1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and that the case be closed.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144,

1149 (11th Cir. 1993).

Signed this 11th day of December, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Walter Lee Wright, Pro Se
      DC# B04096
      Hamilton Correctional Institution
      Inmate Mail/Parcels
      10650 SW 46th Street
      Jasper, FL 32052