**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-24398-CIV-GAYLES/WHITE**

WALTER LEE WRIGHT,

       **Plaintiff,**

v.

JUDGE CRISTINA MIRANDA, et al.,

       **Defendants.**
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on the Preliminary Report of Magistrate Judge Re Screening Initial Complaint [ECF No. 12]. Plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights by denying his state court postconviction petition in retaliation for his seeking the recusal of the presiding judge. [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 8]. Following an initial screening under 28 U.S.C. § 1915, Judge White recommended that the Court dismiss the Complaint as it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and because it fails to state a claim. Judge White also recommended that the claims against Judge Miranda, Deputy Clerk Tulloch, and the unnamed John Doe Clerk of Court be dismissed because those Defendants are immune from suit. Although the Court granted Plaintiff an extension of time to file objections to Judge White's Report, he has failed to do so. [*See* ECF No. 14].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

This Court finds no clear error with Judge White's well-reasoned analysis and agrees that the matter must be dismissed.[1]

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge White's Report and Recommendation [ECF No. 12] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Plaintiff's Complaint is **DISMISSED** without leave to amend; and

(3) this action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of January, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court agrees with Judge White's conclusion and believes that he applied the correct legal standard, the Court notes that it disagrees with particular extraneous language in the Report that appears to misrepresent the legal standard on a motion to dismiss. Specifically, the Report reads: "When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred." [ECF No. 12, at 5]. It is improper for a Court to make credibility determinations or to assess the merits of a claim at a motion to dismiss. To the extent that sentence indicates otherwise, the Court disagrees.