# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 17-24398-CIV-GAYLES/WHITE

**WALTER LEE WRIGHT,**

      **Plaintiff,**

v.

**JUDGE CRISTINA MIRANDA, et al.,**

      **Defendants.**

_____/

## AMENDED ORDER AFFIRMING AND
## ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court on the Preliminary Report of Magistrate Judge Re Screening Initial Complaint [ECF No. 12]. Plaintiff filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights by denying his state court postconviction petition in retaliation for his seeking the recusal of the presiding judge. [ECF No. 1]. The matter was referred to Judge White, pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2003-19 of this Court, for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 8]. Following an initial screening under 28 U.S.C. § 1915, Judge White recommended that the Court dismiss the Complaint as it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and because it fails to state a claim. Judge White also recommended that the claims against Judge Miranda, Deputy Clerk Tulloch, and the unnamed John Doe Clerk of Court be dismissed because those Defendants are immune from suit.

After the Court granted Plaintiff an extension of time to file objections to Judge White's Report, his objections were due on January 22, 2018. [*See* ECF No. 14]. On January 25, 2018, in the absence of objections reflected on the record, the Court conducted a review for clear error, adopted Judge White's Report, and dismissed the case without leave to amend. [ECF No. 15]. Unbeknownst to the Court, Plaintiff had delivered his objections to officials in the Hamilton Correctional Institution for mailing on January 17, 2018. [*See* ECF No. 17]. Those objections were not received by the Court until February 1, and were docketed on February 2. Nevertheless, because Plaintiff timely delivered his objections to officials in the correctional facility for mailing, the Court will treat Plaintiff's objections as timely.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Having now conducted a *de novo* review of the Report, the Court continues to agree with Judge White's analysis and recommendation. The Court agrees that these claims are barred by *Heck*. But even assuming *arguendo* that Plaintiff's claims are not barred by *Heck*, Defendants—a state court judge and clerks—are clearly entitled to immunity from these claims. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge White's Report and Recommendation [ECF No. 12] is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference;

(2) Plaintiff's Complaint is **DISMISSED** without leave to amend; and

(3) this action is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of February, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE